IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WAYNE DOTSON WALDO | § | |
|    TDCJ-CID #317282 | § | |
| | § | |
| VS. | § | C.A. NO. C-05-379 |
| | § | |
| PATSY PEREZ | § | |

### MEMORANDUM AND RECOMMENDATION TO DISMISS

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee or proceeds as a pauper. Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam), cert. denied, 527 U.S. 1041 (1999). Plaintiff's *pro se* complaint must be read indulgently, Haines v. Kerner, 404 U.S. 519, 520 (1972), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, Denton v. Hernandez, 504 U.S. 25, 33 (1992). Applying these standards, it is respectfully recommended that plaintiff's claims be dismissed.

### I. JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

### II. FACTUAL ALLEGATIONS

Plaintiff is currently incarcerated at the Ramsey I Unit in Rosharon, Texas. In his original complaint, D.E. 1, plaintiff alleges that, on numerous, unidentified dates, he attempted to file "petitions for expunction of records" with defendant Patsy Perez in her capacity as District Clerk of Nueces

County, but that she refused to accept or file his petitions. Plaintiff states that he was finally able to file a petition via the help of a senior district judge, but that defendant Perez then failed to provide him with information concerning the status of his case. He claims that Perez' dereliction of her duties amounts to denial of access to the courts. He seeks a declaratory judgment, unspecified compensatory and exemplary damages, and costs.

### III. DISCUSSION

Regardless of whether a plaintiff has properly exhausted his administrative remedies, his action may be dismissed for failure to state a claim upon which relief can be granted.[1]  42 U.S.C. § 1997e(c)(2). "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); see also Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995). An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002). The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed. Id.

In the present case, plaintiff alleges that the acts or omissions of Patsy Perez effectively denied him access to the courts.

It is well established that prisoners have a constitutionally protected right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 350 (1996) (citing Bounds v. Smith, 430 U.S. 817, 821, 828 (1977)). In addition to law libraries or alternative sources of legal knowledge required by the right of access to the courts, "indigent inmates must be provided at state expense with paper and pen to draft legal documents with notarial services to authenticate them, and with stamps to mail them."

---

[1] Plaintiff admits that he did not exhaust his administrative remedies, arguing that this is not a "prison case."

Bounds, 430 U.S. at 824-25.  However, an indigent prisoner's constitutional right to legal resources and materials is not without limit.  The right encompasses only a reasonably adequate opportunity to file nonfrivolous legal claims challenging convictions or conditions of confinement.  See Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999) (citing Lewis, 518 U.S. at 351).

To prevail on a claim of denial of access to the courts, a plaintiff must demonstrate that he suffered "actual injury stemming from defendant's unconstitutional conduct".  Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999) (citing Lewis, 518 U.S. at 351-54).  To prove actual injury, a plaintiff must "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim."  Lewis, 518 U.S. at 351.

Here, plaintiff claims that defendant Perez denied him access to the courts by not accepting for filing his petitions for expunction, and then, after he was able to file such a petition, she failed to keep him advised of the status of his case.  However, plaintiff does not allege that he was prejudiced in any legal proceeding due to the actions or omissions of defendant Perez nor has he shown that he suffered any actual injury.  At most, plaintiff has alleged that he was frustrated at not being able to file his petitions, but was ultimately able to do so. He offers no facts to suggest that his position as a litigant was prejudiced by the alleged frustration or delay.  In addition, although plaintiff claims that defendant Perez failed to advise him of the status of his case, he does not allege that this lack of information prejudiced him in any legal proceeding.  Thus, plaintiff has failed to state a claim for denial of access to courts.

In addition, plaintiff has failed to state a claim upon which relief can be granted.  Plaintiff complains of Perez' actions in her capacity as District Clerk for Nueces County.  Allegations against defendant Perez in her official capacity are essentially claims against Nueces County.  For a municipality to be liable under § 1983, however, there must be: (1) a policymaker; (2) an official policy; and (3) a violation of constitutional rights whose "moving force" is the policy or custom.

3

Monell v. Dep't of Social Services, 436 U.S. 658, 694 (1978); Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir.), cert. denied, 534 U.S. 820 (2001). These three elements are necessary to distinguish individual violations perpetrated by local government employees from those that can be fairly identified as actions of the government itself. Id. "Consequently, the unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur; isolated unconstitutional actions by municipal employees will almost never trigger liability." Piotrowski, 237 F.3d at 578. An "official policy" may be either a written policy or "a persistent widespread practice of [municipal] officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." Lawson v. Dallas County, 286 F.3d 257, 263 (5th Cir. 2002) (quoting Webster v. City of Houston, 735 F.2d 838, 841 (5th Cir. 1984) (en banc)). There must be a link between the policy and the constitutional violation, and the policy must be maintained with an objective deliberate indifference to a constitutionally protected right. Id.

In the present case, plaintiff has failed to allege any facts to hold Nueces County liable. He has not shown that the alleged unconstitutional actions by defendant Perez, (failing to accept his petitions for filing or to keep him apprised of the status of his case), were attributable to an official policy or custom of Nueces County. Accordingly, plaintiff fails to state a claim upon which relief can be granted against Nueces County.

To the extent plaintiff is suing defendant Perez in her individual capacity, plaintiff fails to allege any specific conduct giving rise to a constitutional violation. To state a cause of action under § 1983, plaintiff must identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged. Woods v. Edwards, 51 F.3d 577, 583 (5th Cir. 1995); Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983). In this case, defendant Perez is the supervisor of the district clerks employed by Nueces County.

Plaintiff offers no evidence to demonstrate that defendant Perez herself received his legal correspondence and then failed to file it, or that she personally received his requests for status updates, but refused to respond to his inquiries.

Moreover, even if plaintiff could establish that defendant Perez personally handled his legal mail, he fails to identify any Texas Rule of Civil Procedure, state statute, or case law that imposes an affirmative duty on District Court personnel to provide status reports concerning pending actions. Further, even if such a state rule did exist, defendant Perez's violation of that rule does not give rise to a federal constitutional claim. See e.g. Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996) (TDCJ-ID's failure to follow its own administrative rules and regulations does not raise federal constitutional issues as long as minimal constitutional requirements are met); Giovanni v. Lynn, 48 F.3d 908, 912 (5th Cir. 1995) (mere failure to accord procedural protection called for by state law or regulation does not of itself amount to a denial of due process); Murphy v. Collins, 26 F.3d 541, 543 (5th$^{h}$ Cir. 1994) (state's failure to follow its own procedural regulations does not constitute a violation of due process if constitutional minima are met; Brinson v. McKeeman, 992 F. Supp. 897, 909 (W.D. Tex. 1997) (plaintiff failed to state a § 1983 cause of action when he claimed defendants failed to investigate his grievance against clerk of the court).

### IV. **CONCLUSION**

Plaintiff has failed to establish a claim for denial of access to the courts, and his allegations against Patsy Perez in her official capacity and individual capacity fail to state a constitutional violation. Accordingly, it is respectfully recommended that plaintiff's claims be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e), 1915A. In the event the District Court dismisses plaintiff's claims, it is further recommended that the following language be included in the opinion and order of dismissal:

This is a dismissal as described by 28 U.S.C. § 1915(g). The Clerk is directed to provide copies of this order to the parties, to the TDCJ–Office of the General Counsel, Post Office Box 13084, Austin, Texas 78711, Fax Number (512)936-2159, and to the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702, Attention: Betty Parker.

Respectfully submitted this 18th day of October, 2005.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 2001-6, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Serv's Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).